UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KENNETH WOOD,

                              Plaintiff,                       **ORDER**
                                                                          CV 08-2898 (TCP)(ARL)
      -against-

PITNEY BOWES, INC.,

                              Defendant.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated December 9, 2009, seeking to compel the plaintiff to submit to an independent psychological examination pursuant to Fed. R. Civ. P. 35(a). The plaintiff opposes the application by letter dated December 14, 2009. For the reasons set forth below, the application is granted.

      The plaintiff commenced this action on May 1, 2008, alleging that Pitney Bowes had discriminated against him in violation of the ADA and the NYHRL. Specifically, the plaintiff contends that in 2005 he was suffering from depression. As a result, the plaintiff requested and was approved for a disability leave between May 3, 2005 and July 6, 2005, but claims that when he returned to work he was harassed and ultimately terminated because of his disability. The defendant contends that the plaintiff was terminated in December 2005, after a coworker reported that the plaintiff had made sexually inappropriate comments to her.

      The defendant now seeks to test whether the plaintiff's alleged depression in December 2005 constituted a disability and has noticed the plaintiff for an examination by a licensed psychiatrist in order to do so. The plaintiff argues that the defendant has not shown good cause for the examination because he was examined by numerous physicians in 2005, including the defendant's own physician prior to being granted the temporary leave. The plaintiff further argues that the cause of his disability is wholly irrelevant. The court disagrees.

      Rule 35(a) provides:

> (1) The court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner . . .
>
> (2) The order: (A) may be made only on motion for good cause . . . .

"'[M]ere conclusory allegations of the pleading' or 'mere relevance to the case' will not suffice. *Hodges v. Keane,* 145 F.R.D. 332, 334 (S.D.N.Y. 1993)(citing *Schlagenhauf v. Holder,* 379 U.S. 104 (1964). Rather, the moving party must make 'an affirmative showing that . . . [the]

condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering [the] particular examination. The court finds the defendant has made such a showing. The fact that a Pitney Bowes doctor examined the plaintiff in early 2005, or that the plaintiff has been evaluated by his own doctors, does not preclude the defendant from conducting its own evaluation of whether the plaintiff in fact suffered from depression in December 2005 and whether such depression constitutes a disability as defined by the statutes.

Accordingly, the court finds that the psychiatric examination is warranted. The plaintiff shall submit to an examination, on a mutually agreeable date, to be held before Dr. Walter Borden at the defendant's counsel's law office. The examination may not exceed seven hours. The scope of Dr. Borden's questions shall be limited to the plaintiff's mental condition between July and December 2005.

Dated: Central Islip, New York
       December 17, 2009

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge